**NUKK-FREEMAN & CERRA, PC**
EMPLOYMENT ATTORNEYS

April 12, 2023

**VIA ECF**
Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      RE:    Richard Pozo vs. BlueMercury, Inc.
                 Case No.: 1:22-cv-07382-VEC

Dear Judge Caproni:

      This firm represents Defendant Bluemercury, Inc. ("Defendant") in the above-referenced matter. Pursuant to Rule 2.A of Your Honor's Individual Practices in Civil Cases, Defendant hereby submits this notice of supplemental authority in support of its pending Motion to Dismiss (Dkt. No. 9).

      Specifically, Defendant writes to bring to the Court's attention to recently introduced NY State legislation, which seeks to amend New York Labor Law ("NYLL") §§ 191 and 198, and speaks to legislative intent that is not consistent with the Court's decision in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (2019) (NY State Senate Bills S6077, S6108, and S361 attached as **Exhibit A**).

      On March 28 and 29, 2023, NY State Senate Bills S6077, S6108 and S361 were introduced to amend NYLL §§ 191 and 198. Each proposed bill speaks to legislative intent behind NYLL §191 and the shifting landscape of pay frequency claims.

      First, Senate Bill S6077 seeks to amend NYLL § 198, such that a private right of action and the payment of liquidated damages would only apply to violations of the weekly pay for manual workers mandate in NYLL §191.1(a) if a worker's employer failed to make full payment of wages within fourteen calendar days after the end of the week in which the wages are earned. The stated purpose of the bill is to "clarify application of the labor law's wage theft provisions to wage claims for manual workers."

      Second, Senate Bill S6108 provides a more narrow definition of manual worker, including that the "primary duty" of the worker's role must be engaging in physical labor, subject to regulations and guidance adopted by the Commissioner listing specific occupations that are presumed to meet the definition. The justification for the bill states that "[i]t will […] help employers determine which of their workers must receive weekly paychecks so that they will not be at risk of unknowingly violating a weekly pay mandate based on guidance that currently is unclear and arbitrary."

April 12, 2023
Page 2 of 2

Third, Senate Bill S361 seeks to amend NYLL § 198 to provide a specific remedy for violations of § 191 in the form of a specified fine,[1] and expressly notes the legislative intent is "[t]o reduce the harmful effects that the *Vega* ruling will have on small businesses by aligning damages for violations of Section 191 of the labor law with penalties already existing in Section 218 of the Labor Law."

Each of these bills speaks to the legislative intent behind § 191, including the lack of intent to allow for a private right of action seeking liquidated damages amounting to 50% of wages paid over six years. Additionally, given that pending legislation would render this lawsuit moot if passed, it further supports a stay of proceedings as requested as alternative relief in Defendant's Motion to Dismiss.

As such, Defendant respectfully submits that the pending NY State legislation further supports Defendant's pending Motion to Dismiss, and respectfully requests that the Court grant same.

Thank you for Your Honor's consideration.

Respectfully Submitted,
NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*

s/ Kegan Andeskie
Kegan Andeskie, Esq.

---

[1] That remedy is $1,000 for the first violation, $2,000 for the second, and $3,000 for the third.