USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____08/03/2023____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
RICHARD POZO, individually and on behalf : 
of all others similarly situated, :
                                                  :
                              Plaintiff,    :           22-CV-7382 (VEC)
                                                  :
            -against-                      :           OPINION & ORDER
                                                  :
BLUEMERCURY, INC.,                   :
                                                  :
                              Defendant.  :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Richard Pozo brings this putative class action against BlueMercury, Inc.

("BlueMercury") on behalf of himself and other BlueMercury employees in the State of New

York who "were required to spend more than 25% of their time engaged in physical labor in

their employment with Defendant."  Compl., Dkt. 1.  Plaintiff alleges that Defendant violated

section 191 of the New York Labor Law ("NYLL") by paying him and similarly situated

employees once every two weeks, rather than weekly.  *See id*. ¶¶ 1, 4, 5.  Defendant moves to

dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or to

stay proceedings pending resolution of an appeal of a case pending in state court, and to strike

Plaintiff's class allegations.  *See* Mot. to Dismiss, Dkt. 8; Def. Mem., Dkt. 9.  For the reasons

discussed below, Defendant's motion to dismiss pursuant to Rule 12(b)(1), to stay proceedings,

and to strike class allegations is DENIED, and Defendant's motion to dismiss pursuant to Rule

12(b)(6) is GRANTED with leave to file an Amended Complaint.

## BACKGROUND[1]

BlueMercury owns and operates a chain of retail stores and "employs hundreds, if not thousands of manual workers in the State of New York." Compl. ¶ 9. From November 2019 to October 2020, Plaintiff worked for BlueMercury as a Sales Associate in New York. *Id.* ¶ 10. According to the Complaint, "more than 25% of Plaintiff's job responsibilities" include "tasks such as stocking the sales floor and back of house, lifting, carrying, and organizing merchandise through the front and back of store, general cleaning duties" and "receiving shipments and assisting with outgoing product shipments." *Id.* Plaintiff alleges that Defendant paid him every other week although section 191 of the NYLL requires Defendant to pay him weekly. *Id.* Plaintiff further asserts that the temporary deprivation of his wages caused him to lose "the time value of money." *Id.* Accordingly, Plaintiff alleges that he, and similarly situated employees, were improperly deprived of the time value of their wages due to delayed payment. *Id.* ¶¶ 10–11. For that purported violation, Plaintiff seeks, *inter alia*, liquidated damages equal to the "amount of [his] untimely paid wages." *Id.* ¶ 21.

## DISCUSSION

### I.    The Court Has Subject Matter Jurisdiction

Pursuant to Article III of the United States Constitution, federal courts may only hear "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992). To ensure the existence of a case or controversy, the Court must make an initial threshold determination whether the plaintiff has standing to sue. *See id.* at 560–61. To have standing, a plaintiff must adequately allege: (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal

---

[1]    The well-pled facts in the Complaint are assumed true for purposes of evaluating Defendant's motion to dismiss. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Id.* (internal quotation marks omitted). Because this is a putative class action, plaintiff must also allege that he "personally has suffered some actual . . . injury as a result of the putatively illegal conduct of the defendant, and . . . such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 563 (S.D.N.Y. 2016) (internal quotations omitted).

Plaintiff alleges that because BlueMercury paid him late by one week every two-week pay period, he "could not invest, earn interest on, or otherwise use" the money owed to him, and thus "lost the time value of that money." Compl. ¶ 10. This is adequate to establish standing. The Supreme Court has held that monetary harms "readily qualify as concrete injuries under Article III." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). The loss of the time value of money resulting from delay of payment is, by itself, sufficient to constitute a concrete injury for which Plaintiff may seek redress in federal court; there is no requirement for Plaintiff to have had any particular intention with respect to the delayed funds.[2] *See, e.g.*, *Gillett v. Zara*

---

[2]      Defendant's reliance on *Rosario v. Icon Burger Acquisition LLC ("Rosario I")*, No. 21-CV-4313 (JS), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022), is misplaced. Def. Mem., Dkt. 9 at 7. The deficient complaint in *Rosario I* stated only that defendant failed to pay plaintiffs on time as required by law. *See* 2022 WL 198503, at *3. The *Rosario* court subsequently found plaintiffs' amended complaint — which made substantially similar allegations as Plaintiff makes here — sufficient to allege standing. *See Rosario v. Icon Burger Acquisition LLC*, No. 21-CV-4313 (JS), 2022 WL 17553319, at *2, *4 (E.D.N.Y. Dec. 9, 2022).

        *Harty v. West Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022), on which Defendant also relies, *see* Def. Mem. at 7, is also inapposite. The harm alleged in *Harty* — an "infring[ment] of [plaintiff's] right to travel free from discrimination" — was a mere "legal infraction" created by federal statutory law that was hypothetical until the plaintiff made concrete plans to travel, instead of a tangible harm recognized at common law. *See Harty*, 28 F.4th at 443 (quoting *TransUnion*, 141 S. Ct. at 2205).

*USA, Inc.*, No. 22-CV-3734 (KPF), 2022 WL 3285275, at *6–7 (S.D.N.Y. Aug. 10, 2022)

(holding that loss of use of money to which one is entitled is a cognizable injury); *Levy v.*

*Endeavor Air Inc.*, No. 21-CV-4387 (ENV), 2022 WL 16645829, at *3 (E.D.N.Y. Nov. 1, 2022)

(collecting cases) (holding that wrongful deprivation of time value of money is a concrete harm);

*Rankine v. Levi Strauss & Co.*, No. 22-CV-3362 (LTS), 2023 WL 3582323, at *3–4 (S.D.N.Y.

May 22, 2023) (collecting cases) (same).[3]

## II.    Plaintiff Has Not Stated a Claim to Relief

### A.    Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  In general, "a complaint does not need to contain detailed or elaborate factual

allegations, but only allegations sufficient to raise an entitlement to relief above the speculative

level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).

Determining whether a plaintiff pled a plausible claim is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Lundy v. Catholic*

*Health Sys. of Long Island*, 711 F.3d 106 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).  When

---

All of that said, it has not escaped the Court's notice that the time value of money between late 2019 and late 2020, when Plaintiff was employed by Defendant, was quite low.  For most of that period, the Federal Funds Rate was well under 2% per annum.  *See* Fed. Reserve Bank of St. Louis, *Federal Funds Target Range – Upper Limit*, Fed. Reserve Economic Data, https://fred.stlouisfed.org/series/DFEDTARU (last visited Aug. 2, 2023).

[3]     The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Federal courts have subject matter jurisdiction over any class action involving "(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states."  *Blockbuster Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2), (5)(b), (6)).  Plaintiff alleges that "members of the Class number in the thousands," Compl. Dkt. 1, ¶ 13, Dkt. 1, and Defendant acknowledged that there are nearly 800 class members, *see* Pl. Opp., Dkt. 21 at 1 n.1; Kopel Decl., Dkt. 22 ¶ 9.  The amount in controversy, exclusive of interest and costs, plausibly exceeds $5,000,000.  *See* Compl. ¶ 7.  There is minimal diversity, as Plaintiff is a citizen of New York and Defendant is a Delaware corporation with a principal place of business in Maryland.  *See id.* ¶¶ 9, 10.

considering a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pled factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff.  *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).  The Court is not required, however, to "accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B.  Plaintiff Has Failed Adequately to Plead BlueMercury Violated NYLL § 191

Section 191(1)(a) of the NYLL provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned."[4] Section 190(4) defines the term "manual worker" as "a mechanic, workingman or laborer." Section 198(1-a) further provides that an employee may institute an action concerning a "wage claim" to "recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest," and, absent evidence of the employer's good faith belief "that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due."

Courts defer to the New York Department of Labor's ("NYDOL") interpretation of the NYLL's definition of "manual worker."  *See Balderramo v. Go N.Y. Tours Inc.*, No. 15-CV-2326 (ER), 2023 WL 2751039, at *14 (S.D.N.Y. Mar. 31, 2023).  NYDOL defines the term "manual worker" in section 190(4) to include "employees who spend more than 25 percent of their working time performing physical labor," which has been interpreted broadly to encompass

---

[4]      Section 191(1)(a) allows an employer to pay its manual worker employees less frequently if the NYDOL Commissioner so authorizes.  *See* Compl. ¶ 2.  Defendant does not argue, however, that it received such authorization.

a wide range of physical activities.[5]  "[C]arpentry workers, cooks, wait staff, grocery store

employees, janitorial staff, hotel maids, airport chauffeurs, and pizzeria workers have been found

to be 'manual workers.'"  *Rankine*, 2023 WL 3582323, at *6 (internal quotation omitted).

### 1.  Section 191 Provides a Private Right of Action

Defendant first argues that Plaintiff's claim must be dismissed because sections 191(1)(a)

and 198(1-a) of the NYLL do not provide for a private right of action.  *See* Def. Mem. at 9–16;

*see also Meadows v. United Servs. Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (holding that courts

must dismiss a plaintiff's claims when there is no private cause of action).  If the Court were

writing on a clean slate, it might agree with Defendant, but the slate is not clean.

The First Department, Appellate Division held in *Vega v. CM & Associates Construction

Management, LLC*, 175 A.D.3d 1144 (1st Dep't 2019), that NYLL "§ 198(1-a) expressly

provides a private right of action for violations of Labor Law § 191," and "[e]ven if Labor Law

§ 198 does not expressly authorize a private action for violation of the requirements of Labor

Law § 191, a remedy may be implied."  *Id*. at 1146.  BlueMercury argues that the Court should

decline to follow *Vega* because it rests on unsound statutory interpretation, it is inconsistent with

legislative history and enforcement schemes, and following it would lead to unconstitutionally

disproportional damages awards.  *See* Def. Mem. at 10–13, 15–16.[6]  The Court, however, is

---

[5]        N.Y. Dep't of Labor, Opinion Letter (May 21, 2009), No. RO-09-0066,
https://statistics.labor.ny.gov/legal/counsel/pdf/Other/RO-09-0066%20Manual%20Workers.pdf; *see also* N.Y. Dep't
of Labor, Frequency of Pay Frequently Asked Questions (Mar. 2021), https://dol.ny.gov/system/files/documents/
2021/03/frequency-of-pay-frequently-asked-questions.pdf (noting that physical labor is "interpreted broadly to
include countless physical tasks performed by employees" (emphasis added)).

[6]        Defendant also contends that the New York legislature's 2020 amendment of NYLL sections 198(1-b) and
(1-d), but not section 191, to create express private rights of action for sections 195(1) and (3), respectively,
indicates that the legislature did not intend to provide a private right of action for violations of section 191.  Def.
Mem. at 14.  It is equally plausible, however, that the legislature acted against the backdrop of *Vega* and declined to
amend language that had already been found expressly to provide for a private right of action.  *See Arbegast v. Bd.
of Educ. of S. New Berlin Cent. Sch.*, 65 N.Y.2d 161, 169 (1985) (noting that "[t]he Legislature is . . . presumed to
be aware of the decisional and statute law in existence at the time of an enactment, and to have abrogated the
common law only to the extent that the clear import of the language used in the statute requires").  For the same

bound to apply the law as interpreted by a state intermediate appellate court unless there is persuasive evidence that the state's highest court would reach a different conclusion.  *See V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).  None of the objections Defendant raises to *Vega*'s holding constitutes "persuasive evidence" that the Court of Appeals would reject *Vega*.[7] *See Rankine*, 2023 WL 3582323, at *6.

Defendant points to *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022), to argue that the Court of Appeals is reluctant to read implied rights of action into Article 6 of the NYLL.  Def. Mem. at 14.  Nothing in *Konkur*, which focused on implied rights of action, constitutes persuasive evidence that the New York Court of Appeals would reject *Vega*'s holding that NYLL § 198(1-a) expressly establishes a private right of action for violations of NYLL § 191.  *See Konkur*, 175 A.D.3d at 1146; *see also Rankine*, 2023 WL 3582323, at *5 (collecting cases).

Equally unpersuasive are Defendant's citations to cases purporting to show that other courts in New York have declined to follow *Vega*.  *See* Def. Mem. at 10 (citing *Zivkovic v. Laura Christy, LLC*, No. 17-CV-553 (GHW), 2022 WL 1697991 (S.D.N.Y. May 26, 2022); *Accosta v. Lorelei Events Grp.*, No. 17-CV-7804 (NSR), 2022 WL 195514 (S.D.N.Y. Jan. 21, 2022); *Grant v. Glob. Aircraft Dispatch*, No. 720074/2019, 2021 WL 6777500 (N.Y. Sup. Ct. Apr. 20, 2021)).

---

reason, Defendant's argument that the legislature's 2021 amendment of NYLL sections 193 and 198(3) suggests that it did not intend to create a private right of action under section 191 fails.  *See* Def. Reply at 6, 8, Dkt. 25.

[7]       Defendant's argument that, in the context of Plaintiff's claim, the "imposition of statutory penalties" provided by the NYLL violates the Eighth Amendment Excessive Fines Clause and the Fourteenth Amendment Due Process Clause, is somewhat persuasive.  It is, however, premature.  *See Lepper v. Vill. of Babylon*, No. 18-CV-7011 (JMA), 2022 WL 939719, at *23 (E.D.N.Y. Mar. 29, 2022) (holding that "claims [pursuant to the Eighth Amendment] as to . . . potential fines are not yet ripe for the Court's review"); *Parker v. Time Warner Ent. Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003) (declining to consider whether potential statutory damages in a class action violates the Fourteenth Amendment when "[t]here has been no class certification motion filed nor any actual evidence presented that raises a reasonable possibility that principles of due process may restrict an ultimate damages award").

None of those cases "analyze[s] — let alone acknowledge[s] — the *Vega* decision."[8] *Freeland v. Findlay's Tall Timbers Distrib. Ctr., LLC*, No. 22-CV-6415 (FPG), 2023 WL 4457911, at *10 n.5 (W.D.N.Y. July 11, 2023).

In short, the Court finds that it is bound to follow the holding from the First Department in *Vega* that section 198(1-a) provides a private right of action for untimely wage payments in violation of section 191.

## 2. Plaintiff Has Not Plausibly Alleged That He Was a Manual Worker

Plaintiff alleges that he was responsible for tasks such as "stocking the sales floor and back of house, lifting, carrying, and organizing merchandise through the front and back of store, general cleaning duties" and "receiving shipments and assisting with outgoing product shipments," which meet the definition of "physical labor" within the meaning of section 190(4). Compl. ¶ 10. Courts have held that similar job duties, including "unpacking, stocking and organizing inventory [of clothing]," *Rankine*, 2023 WL 3582323, at *6, "lifting and stacking shipment boxes," *Gillett*, 2022 WL 3285275, at *1, *6, "receiving and removing shipments from pallets, unwrapping product shipments, organizing and processing shipments, carrying boxes of product back and forth between the stockroom and the sales floor, assembling product displays,

---

[8]  That the parties raised the *Vega* decision to the *Grant* court in their briefs is insufficient to render *Grant*, a state trial court ruling, persuasive evidence that the Court of Appeals would disapprove of *Vega*. *See, e.g.*, Def. Reply, *Grant v. Glob. Aircraft Dispatch*, No. 720074/2019, 2021 WL 6777500, Dkt. 25 at 2; *King v. Ord. of United Com. Travelers of Am.*, 333 U.S. 153, 161–62 (1948) (holding that while federal courts are not bound by state trial court decisions as they are by intermediate state appellate court rulings).

and cleaning the store," *Espinal v. Sephora USA, Inc.*, No. 22-CV-3034 (PAE) (GWG), 2022 WL 16973328, at *1, *6 (S.D.N.Y. Nov. 16, 2022), constitute "physical labor."[9]

The Complaint fails to allege with particularity, however, how much of Plaintiff's workday was spent on the "job responsibilities" that can constitute physical labor as opposed to how much of his time was spent selling Defendant's merchandise. Plaintiff has not pled sufficient facts for the Court plausibly to infer that he was a manual worker. Plaintiff alleges only that "[m]ore than 25% of [his] job responsibilities" included various tasks he asserts constitute "manual labor," Compl. ¶ 10, not that he "spen[t] more than 25 percent of [his] working time performing physical labor," Opinion Letter, No. RO-09-0066. Accepting that 25% of Plaintiff's job responsibilities consist of certain tasks does not allow the Court plausibly to infer that Plaintiff performed those tasks for twenty-five percent of his working time. *Cf. Herrera v. Commes de Garçons*, No. 21-CV-4929 (VEC), 2022 WL 3348099, at *3 (S.D.N.Y. Aug. 12, 2022) (noting that generalized allegation that an employer's policy or practice violates labor laws is insufficient absent particularized allegations regarding time worked).

Accordingly, the Court finds that Plaintiff has failed to state a claim for untimely payment of wages under section 191. Defendant's motion to dismiss pursuant to Rule 12(b)(6) is

---

[9]     Defendant's argument that Plaintiff is not a "manual worker" because he does not engage in "strenuous physical exertion" is unpersuasive. *See* Def. Mem. at 17. The NYDOL stated that drivers who are "often required to do light to medium lifting and carrying of objects that may weigh up to 30 pounds" may be considered manual workers. Opinion Letter at 1–2, No. RO-09-0066. Defendant also misinterprets the New York Industrial Board of Appeals' ("IBA") determination in *Hudson Valley Mall Dental v. Commissioner of Labor*, PR 12-034 (N.Y. Indus. Brd. App. Aug. 7, 2014), which found that dental assistants are not manual laborers. *See id.* at 5–6. That conclusion was not based on the fact that dental assistants do not engage in strenuous physical activities, but rather on the fact that dental assistants are not low-skilled, easily trained, and easily replaced. *See id.* Defendant's reliance on the IBA's determination in *Plus Discount Foods*, PR-12-80 (N.Y. Indus. Brd. App. June 3, 1981), is also unavailing. Whether someone actually qualifies as a manual worker is a fact-intensive inquiry, *see Balderramo v. Go N.Y. Tours Inc.*, No. 15-CV-2326 (ER), 2023 WL 2751039, at *14 (S.D.N.Y. Mar. 31, 2023) (distinguishing tour bus drivers in question from airport chauffeurs and finding that bus drivers were not manual workers); as discussed *supra*, Plaintiff has alleged that he had job responsibilities that encompass activities courts have found qualify an employee who engages in them as a manual laborer. Whether he can actually prove that he was a manual worker will have to await summary judgment or trial. *See Rankine*, 2023 WL 3582323, at *6.

therefore granted.  Plaintiff is, however, granted leave to file an amended complaint to address

the deficiencies in the pleading.  *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)

(noting that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend

the complaint").

### III.    The Motion to Stay Proceedings Is Denied

Defendant alternatively requests the Court to stay proceedings pending the outcome of

*Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-03202 (2d Dep't).  *See* Def. Mem. at 18–21.[10]

To determine whether to issue a stay, the Court considers the following factors: (1) the private

interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against

the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants;

(3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5)

the public interest.  *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  In applying

the *Kappel* factors, "the basic goal is to avoid prejudice."  *LaSala v. Needham & Co., Inc.*, 399 F.

Supp. 2d 421, 427 (citation omitted).  While a court may "enter a stay pending the outcome of

proceedings which bear upon the case, even if such proceedings are not necessarily controlling

of the action that is to be stayed," the party seeking a stay bears the burden of establishing that a

stay is warranted.  *Id.*.

Plaintiff has an interest in proceeding expeditiously; therefore, the first factor concerning

plaintiff's interests weighs slightly against staying these proceedings.  *See Poppel v. Rockefeller

Univ. Hosp.*, No. 19-CV-1403 (ALC), 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019); *see*

---

[10]    Defendant also asked the Court to stay this case pending a request for an interlocutory appeal in *Miner-Vargas v. Wal-Mart Associates, Inc.*, No. 20-CV-591 (N.D.N.Y.).  Since the Defendant's motion was filed, the *Miner-Vargas* court denied the defendant's request for permission to seek interlocutory appeal of the order denying the defendant's motion to dismiss.  *See* Decision and Order, *Miner-Vargas v. Wal-Mart Assocs., Inc.*, No. 20-CV-591 (N.D.N.Y. Mar. 23, 2023), Dkt. 58.  The Court, therefore, construes Defendant's motion as requesting a stay only pending the appeal in *Grant*.  *See Rankine*, 2023 WL 3582323, at *6.

*also Rankine*, 2023 WL 3582323, at \*7 (finding plaintiff's interests weighs against a stay even where plaintiff "does not identify any prejudice that he would suffer from a stay being imposed").  The fact that litigation has not significantly progressed reduces, but does not eliminate, prejudice to the plaintiff.  *See UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, No. 20-CV-10664 (VB), No. 21-CV-6245 (VB), 2021 WL 6137097, at \*3 (S.D.N.Y. Dec. 29, 2021).

The second factor, evaluating Defendant's interests, weighs somewhat in favor of granting a stay.  There is no question that discovery in this case will be expensive for Defendant. If the Court of Appeals were considering an appeal of *Vega*, the Court would find that Defendant's interest would weigh heavily in favor of a stay.  But because the outcome of *Grant* is not determinative on the critical issue of the existence of a private right of action, *see Rankine*, 2023 WL 3582323, at \*8, Defendant's interest in a stay pending that decision is considerably weaker, *see United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 292 (E.D.N.Y. 2014) (concluding that "any expenses incurred with proceeding with the litigation on schedule would not be a waste" because the plaintiff's claim "may still be viable" following the contemplated intervening change in law).

The Court has also considered the third through fifth factors and find that they are, at best, neutral.  *See Rankine*, 2023 WL 3582323 at \*8 n.4.

Because Plaintiff has a clear interest in proceeding expeditiously and Defendant's interest in waiting for a decision in *Grant* appears to be more in the nature of hoping to complete a Hail Mary pass, the Court finds that Plaintiff's interest in proceeding outweighs Defendant's interest in a stay.  Accordingly, Defendant's motion for a stay is denied.

**IV.     The Motion to Strike Class Allegations Is Procedurally Premature**

Plaintiff seeks to certify a class of all those "employed by Defendant in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other employees."  Compl. ¶ 11.  The Complaint further alleges: "Class members were required to spend more than 25% of their time engaged in physical labor in their employment with Defendant."[11]  *Id.* ¶ 12.  BlueMercury moves to strike all class allegations because they constitute an impermissible "fail-safe" class.  *See* Def. Mem. at 21–23.

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" *sua sponte* or "on motion made by a party."  *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015).  "[Rule] 23(c)(1)(A) calls for a determination whether to certify the action as a class action at an early practicable time after a person sues as a class representative."  *Id.* (cleaned up).  A motion to strike class allegations is generally "procedurally premature" and disfavored because it requires courts preemptively to evaluate the class aspects of litigation solely on the allegations in the complaint and before a plaintiff is permitted to complete discovery to which he would

---

[11]     It is unclear whether Plaintiff intends the allegation regarding the amount of time class members spent on manual labor to be a limitation on who is in the class (i.e., the class is comprised of employees who (i) spend more than 25% of their time engaged in manual labor; and (ii) make less than $900 per week; and (iii) do not have hiring and firing authority), or is intended to be simply a class-wide allegation (i.e., the class is composed of employees who make less than $900 per week and do not have hiring and firing authority; according to Plaintiff, all such employees spend more than 25% of their time engaged in manual labor).

otherwise be entitled on questions relevant to class certification.[12]  *See Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (quoting *Chenensky v. New York Life Ins. Co.*, No. 07-CV-11504 (WHP), 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011)).  A motion to strike class allegations may nevertheless succeed if (1) it addresses issues "separate and apart from the issues that will be decided on a class certification motion," or (2) the class allegations fail as a matter of law, or, in other words, no discoverable facts exist that would allow the certification of the alleged class.[13]  *Chen-Oster*, 877 F. Supp. 2d at 117–19 (cleaned up).

The question of whether the class allegation constitutes a "fail-safe" class is best resolved at the class certification stage.  *See Carr v. Johnson & Johnson Consumer Inc.*, No. 21-CV-6557 (EK), 2023 WL 3504662, at *6 (E.D.N.Y. May 17, 2023) (internal quotation omitted); *see also Beh v. Cmty. Care Companions Inc.*, No. 19-CV-1417 (JLS), 2022 WL 5039391, at *10 n.8 (W.D.N.Y. Sept. 29, 2022) (holding at the class certification stage that the proposed class of home care workers who were not paid weekly as required by NYLL § 191(1)(a) was not a fail-safe class).  Therefore, the Court denies Defendant's motion to strike Plaintiff's class allegations.[14]

---

[12]     *Borgese v. Baby Brezza Enters., LLC*, No. 20-CV-1180 (VM), 2021 WL 634722 (S.D.N.Y. Feb. 18, 2021), on which Defendant relies, is inapposite.  *See* Def. Mem. at 21–22.  *Borgese* struck the plaintiff's class allegations because the Court found that plaintiff could not meet the certification requirements of Rule 23(b).  *See id.* at *4–5. Defendant seems to suggest that Rule 23(b)(3)'s predominance requirement cannot be met because the Court would have to decide whether "each putative class member spend[s] 25% or more of their working time engaging in physical labor."  Def. Mem. at 23.  Unlike *Borgese*, however, Plaintiff has alleged the existence of common legal issues, and Defendant does not argue that individual issues in Plaintiff's class allegations are more substantial than common ones.  2021 WL 634722, at *4; *see also* Compl. ¶ 14 (listing common questions of law, including whether Defendant was required to pay putative class members on a weekly basis pursuant to NYLL § 191).

[13]     Defendant effectively concedes that Plaintiff's class allegations do not fail as a matter of law.  Determining whether "each putative class member spend[s] 25% or more of their working time engaging in physical labor," Def. Mem. at 23, may be possible based on facts unearthed during discovery.  And should discovery yield facts that make the currently proposed class definition untenable as a matter of law, the Court may amend the class definition to remedy the deficiency or deny class certification.  *See Reynolds*, 136 F. Supp. 3d at 520 n.10.

[14]     As noted *supra*, note 12, the proposed class definition is ambiguous as it appears in the Complaint.  In addition to the use of "and/or" (which, by trying to be both conjunctive and disjunctive, is ambiguous), it is unclear

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(1), to stay proceedings, and to strike class allegations is DENIED.  Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.  The Clerk of Court is respectfully directed to close the open motion at Dkt. 8.

Not later than **August 18, 2023**, Plaintiff must file an amended complaint, or the Court will dismiss the case.


**SO ORDERED.**


**Date:   August 3, 2023**
      **New York, New York**

                                    **VALERIE CAPRONI**
                                **United States District Judge**

---

how Plaintiff intends for paragraphs 11 and 12 of the Complaint to be read.  If Plaintiff chooses to amend the Complaint, the Court urges him to clean up that ambiguity.

14